UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JULIE G. ERNY, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6041 |
| AEGIS SECURITY INSURANCE COMPANY | * | SECTION "H" (2) |

## ORDER AND REASONS

Pending before me is a Motion to Opt-Out of the Streamlined Settlement Program filed by Defendant Aegis Security Insurance Company. ECF No. 11. The motion was scheduled for submission on January 31, 2024. As of this date, Plaintiffs have not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, January 23, 2024. *See* E.D. La. L.R. 7.5. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.   BACKGROUND**

Plaintiffs Julie G. Erny, Grand Isle Adventures, and John Erny, III filed this suit *pro se* against Defendant Aegis Security Insurance Company alleging Hurricane Ida damages to their property in Grand Isle, Louisiana. ECF No. 1-4 ¶¶ 4-9. After removing the state court action and filing an Answer, Defendant filed a motion to opt-out of this Court's Hurricane Ida Streamlined Settlement Program. ECF No. 11. Defendant argues that Plaintiffs' claims fail as a matter of law and would be most efficiently addressed via motion practice. ECF No. 11-1.

1

## II. APPLICABLE LAW & ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause. *See* Section 3.

Defendant Aegis Security Insurance Company asserts that good cause to opt-out is present because Plaintiffs' claims fail as a matter of law given that their property was timely inspected and confirmed a wind damage constructive total loss and policy limits for Coverage A Dwelling were timely paid for the alleged losses. ECF No. 11-1 at 1-2. As such, Defendant argues, motion practice may more expeditiously resolve this matter. ECF No. 11-1 at 2.

The Court agrees that the issue of whether Plaintiffs' claims are futile should be resolved before proceeding with the next phases of the SSP. Accordingly, Defendant's request to opt-out of the CMO is granted, but only for the limited purpose of filing its dispositive motion. The parties remain obliged to comply with all other terms of the CMO unless or until the matter is resolved on Defendant's motion or otherwise.

## III. CONCLUSION

For the foregoing reasons, Defendant Aegis Security Insurance Corporation should be allowed limited relief from the CMO, solely for purposes of pursuing a Motion to Dismiss on the basis of whether Plaintiffs have stated a claim for which relief may be granted. Accordingly,

IT IS ORDERED that Defendant Aegis Security Insurance Corporation's Motion to Opt Out of the Streamlined Settlement Program (ECF No. 11) is GRANTED IN PART AND DENIED IN PART. Defendant is granted limited relief from the CMO's automatic stay solely to enable it to engage in dispositive motion practice as set forth herein. If its motion is denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this __31st__ day of January, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE