UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JULIE G. ERNY ET AL.**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　**NO: 23-6041**

**AEGIS SECURITY INSURANCE**　　　　　**SECTION: "H"**
**COMPANY**

### ORDER AND REASONS

　　Before the Court is Defendant's Motion to Strike Stipulation (Doc. 15) and Plaintiffs' Motion to Remand (Doc. 17). For the following reasons, Defendant's Motion is **GRANTED**, and Plaintiffs' Motion is **DENIED**.

### BACKGROUND

　　Plaintiffs John Erny, III; Julie G. Erny; and Grand Isle Adventures own property located at 131 Circle Ave, Grand Isle, LA 70358 ("the Property") that they allege was damaged during Hurricane Ida. Plaintiffs filed a claim against the property's insurer Defendant Aegis Security Insurance Company for failing to provide coverage and bad faith penalties in the 24th Judicial District Court for the Parish of Jefferson.

　　On October 12, 2023, Defendant removed Plaintiffs' suit to this Court on diversity grounds. On January 30, 2024, Plaintiffs filed a stipulation that the amount in controversy is less than $75,000.[1] Thereafter, Plaintiffs filed a Motion to Remand the case back to state court for lack of diversity jurisdiction.

---

[1] Doc. 12.

1

In response, Defendant moves the Court to strike the stipulation and to deny the Plaintiffs' Motion to Remand.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4] District courts must "strictly construe the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand.[5] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[6]

## **LAW AND ANALYSIS**

District courts have original jurisdiction over all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.[7] If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[8] Louisiana law, however, requires that a plaintiff include "[n]o specific

---

[2] 28 U.S.C. § 1441.
[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[4] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723. *See also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).
[5] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–282 (5th Cir. 2007).
[6] 28 U.S.C. § 1447(c).
[7] *See id.* § 1332(a)(1).
[8] *Id.* § 1446(c)(2).

monetary amount of damages" in a prayer for relief.[9] In that case, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[10]

A defendant attempting removal may demonstrate the amount in controversy to the district court by either "(1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth 'summary judgment type evidence' of facts in controversy that support a finding of the jurisdictional amount."[11] "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[12] "[A] plaintiff may not defeat removal by subsequently changing his damage request because post-removal events cannot deprive a court of jurisdiction once it has attached."[13] If, however, the state court petition is ambiguous as to whether the alleged damages surpass the amount in controversy, then the district court may consider a post-removal stipulation that clarifies the original petition.[14] The Fifth Circuit has clarified, however, that courts can consider information submitted after removal "only in connection with an examination of the jurisdictional facts as they existed at the time of removal."[15]

---

[9] LA. CODE CIV. PROC. art. 893.

[10] *See* Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); *see also* De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

[11] Kliebert v. DG La., LLC, No. 16-2353, 2016 WL 1598608, at *2 (E.D. La. Apr. 20, 2016) (quoting *Manguno*, 276 F.3d at 723).

[12] Gebbia v. Wal-Mart Stores, Inc. 233 F.3d 880, 883 (5th Cir. 2000).

[13] *Cavallini*, 44 F.3d at 265 (quoting Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994)).

[14] *See Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC)*, 988 F.2d at 565, *abrogated on other grounds by* Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds*, 526 U.S. 574 (1999).

[15] *Cavallini*, 44 F.3d at 265 (citing *Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC)*, 988 F.2d at 565).

Here, Plaintiffs' petition alleges that Hurricane Ida caused "total destruction" of the Property.[16] Plaintiffs' petition also lists several categories of damages, including consequential damages, compensatory damages, mental pain and anguish, bad faith penalties under Louisiana Revised Statutes §§ 22:1983 and 22:1973, and attorney's fees and costs. Further, Defendant provided this Court with the policy it issued covering the Property, which provides dwelling coverage of $125,000. Accordingly, considering the allegations of the Petition and the evidence presented by Defendant at the time of removal, the amount in controversy appears by a preponderance of the evidence to exceed the jurisdictional amount. The Court therefore cannot consider Plaintiffs' post-removal stipulation otherwise.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Stipulation is **GRANTED**, and Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs' stipulation regarding the amount in controversy (Doc. 12) is **STRICKEN** from the record.

New Orleans, Louisiana this 2nd day of May, 2024.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] Doc. 1-4.