## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHN ERNY III ET AL.**                    **CIVIL ACTION**

**VERSUS**                                  **NO. 23-6041**

**AEGIS SECURITY INSURANCE CO.**            **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Aegis Security Insurance Company's Motion for Summary Judgment (Doc. 20). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This matter arises out of an insurance dispute between Plaintiffs and their insurer, Defendant Aegis Security Insurance Company, following damage to their property located in Grand Isle, Louisiana, caused by Hurricane Ida on August 29, 2021.  Plaintiffs brought suit in Louisiana state court alleging that Defendant violated Louisiana Revised Statutes §§ 22:1892 and 22:1973 by arbitrarily and capriciously failing to timely tender payment under the policy covering their property. Defendant removed the matter to this Court based on diversity jurisdiction. Defendant now moves for summary judgment, arguing that the undisputed material facts plainly demonstrate that Defendant timely issued the policy limits to Plaintiffs and did not act arbitrarily or capriciously in handling their claim. Plaintiffs oppose.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[1] FED. R. CIV. P. 56(c) (2012).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Louisiana Revised Statutes § 22:1892 provides that an insurer in Louisiana has a duty to pay a claim in a timely fashion and that when a failure to pay is found "to be arbitrary, capricious, or without probable cause" then the insurer may be liable for the resulting damages and for statutory penalties, attorney's fees, and costs.[9] Similarly, Louisiana Revised Statutes § 22:1973 authorizes an award of penalties when an insurer's failure to pay a claim within 60 days of receipt of a satisfactory proof of loss is "arbitrary, capricious, or without probable cause."[10] To procure penalties and damages, an insured must demonstrate that "(1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within thirty [or sixty] days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause."[11]

Here, the facts are not in dispute. On September 5, 2021, Plaintiffs notified Defendant that their property had sustained damage during Hurricane Ida. On September 12, 2021, an adjuster conducted an inspection of the property and confirmed that it was a total loss. He recommended an engineering inspection to determine whether the loss was caused by wind—a covered peril—or flood—a non-covered peril. An engineering report was completed on November 8, 2021, confirming that the cause of the loss was wind. Defendant tendered policy limits to Plaintiffs on December 8, 2021.

---

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] LA. REV. STAT. § 22:1892(B)(1).

[10] LA. REV. STAT. § 22:1973(B)(5).

[11] La. Bag. Co., Inc. v. Audubon Indem. Co., 999 So. 2d 1104, 1112–13 (La. 2008).

Plaintiffs argue that Defendant received satisfactory proof of loss upon the initial inspection on September 12, 2021, and that it therefore failed to tender payment within 60 days. They contend that Defendant was arbitrary and capricious in considering whether the damage was caused by flood rather than wind. The Louisiana Supreme Court has stated that "[i]t is well settled that a 'satisfactory proof of loss' is only that which is 'sufficient to fully apprise the insurer of the insured's claims.'"[12] In order to receive satisfactory proof of loss, the insurer must receive "sufficient information to act on the claim."[13] "Satisfactory proof of loss of must include 'the extent of damages,' and the plaintiff bears the 'burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause.'"[14]

"[U]nder Louisiana law an insurer can, at least in some cases, obtain satisfactory proof of loss as a result of its adjuster's inspection of the damaged property."[15] This, however, does not mean that an insurer *always* receives satisfactory proof of loss as a result of its initial inspection of a damaged property. Whether satisfactory proof of loss has been received is a question of fact, and the insurer need not have any formal style of proof as long as it has actual knowledge of the facts.[16]

Even assuming, however, that Defendant received satisfactory proof of loss at its initial inspection, Plaintiff's claim fails on the third prong. The Louisiana Supreme Court has held that "arbitrary, capricious, or without

---

[12] *La. Bag Co.*, 999 So. 2d at 1119 (quoting McDill v. Utica Mut. Ins. Co., 475 So. 2d 1085, 1089 (La. 1985)).

[13] *Id.*

[14] Korbel v. Lexington Ins. Co., 308 F. App'x 800, 803 (5th Cir. 2009).

[15] *Id.* at 804.

[16] *See* Boudreaux v. State Farm Mut. Auto. Ins. Co., 896 So. 2d 230, 236 (La. App. 4 Cir. 2005); Artigue v. La. Farm Bureau Mut. Ins. Co., 339 So. 2d 880 (La. App. 3 Cir. 1976); Wilkins v. Allstate Ins. Co., 173 So. 2d 199 (La. App. 1 Cir. 1965).

probable cause" is synonymous with "vexatious."[17] An insurer is "vexatious" when its refusal to pay a claim is unjustified, without reasonable or probable cause or excuse.[18] "An insurer does not act arbitrarily and capriciously . . . when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage."[19]

This Court does not find it at all arbitrary that Defendant might consider that damage sustained to a property located in Grand Isle, Louisiana, during a hurricane may have been caused by flooding and not wind. "[W]hen there is a reasonable and legitimate question as to the extent and *causation* of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist."[20] Because Defendant had a reasonable, good faith dispute as to coverage, Defendant's failure to tender payment within 30 or 60 days cannot be arbitrary or capricious. Any delay in payment was attributable to a coverage investigation to determine whether the damage was caused by a covered peril.

In opposition, Plaintiffs submit only a letter from Defendant dated December 8, 2021 which stated that, "The field adjuster inspected the property 9/12/21 and confirmed a wind damage loss at the property."[21] Plaintiffs contend that they were not aware until the filing of this motion that any other inspection had ever taken place. The other evidence submitted by Defendant, however, confirms that the adjuster recommended an engineering inspection on September 12 to determine the cause of the loss and that the loss was not

---

[17] *La. Bag Co.*, 999 So. 2d at 1114.
[18] Dickerson v. Lexington Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009) (citing Reed v. State Farm Mut. Auto Ins. Co., 857 So. 2d 1012, 1021 (La. 2003)).
[19] *Id.* at 297–98.
[20] *La. Bag Co.*, 999 So. 2d at 1114.
[21] Doc. 20-8.

determined to be wind damage until November 8. Plaintiffs have not presented any evidence creating a material issue of fact otherwise.

Finally, Plaintiffs argue that they require additional discovery to respond to Defendant's Motion. Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer consideration of the motion or allow the nonmovant additional time for discovery. "To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact."[22] The Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[23] Plaintiffs contend that in order to respond to Defendant's Motion they need discovery of their entire claim file and activity log. Plaintiffs' request, however, is procedurally improper because they have not submitted an affidavit or declaration as required by Rule 56(d). Accordingly, their request for additional discovery is denied.[24] Plaintiffs have not shown a material issue of fact precluding this Court from granting Defendant's Motion to dismiss their bad faith claims.

---

[22] Weaver v. Harris, 486 F. App'x 503, 505 (5th Cir. 2012).

[23] McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014).

[24] *See* Scotch v. Letsinger, 593 F. App'x 276, 278 (5th Cir. 2014) ("Rule 56(d) requires the party seeking discovery to submit an affidavit or declaration that specifies why the party cannot present facts essential to justify its opposition to the motion for summary judgment. Because Scotch did not submit either an affidavit or a declaration, the district court did not err in denying Scotch's request."); Leza v. City of Laredo, 496 F. App'x 375, 377 (5th Cir. 2012) ("Rule 56(d) requires a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration.").

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 20th day of August, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**